

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXXXXXXXXXX~~ON
ATTORNEY GENERAL

April 25, 1939

Mr. E. W. Easterling
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-415
Re: Sale of abandoned buildings and grounds of Rosedale Independent School District

This department is in receipt of your letter of March 1, 1939, in which you request our opinion upon the question of what procedure should be followed by the Board of Trustees of the Rosedale Independent School District in Jefferson County in disposing of abandoned school buildings and grounds.

Rosedale Independent School District in Jefferson County was created by Special Act of the Legislature, Special laws of Texas 1919, 36th Legislature, Chapter 57, page 177. This Act provides in part as follows:

"Sec. 10. The said Rosedale Independent School District shall have and exercise, and is hereby vested with all the rights, powers, privileges and duties of a town or village incorporated under the general laws of the state for free school purposes only, and the Board of Trustees of said Rosedale Independent School District shall have and exercise and are hereby vested and charged with all the rights, powers, privileges and duties conferred and imposed by the general laws of this state upon the trustees of independent school districts including the rights to levy taxes and issue bonds of the said district to the extent for the purpose and subject to all the provisions, limitations and conditions that said power may now or may hereafter be exercisable under the general laws of the state by the trustees of the independent school districts, incorporated and organized under the general laws of this state applicable to the towns and villages incorporated for free school purposes only, are applied and declared to be in full force and effect with respect to the said Rosedale Independent School District.

"Sec. 18. In all other matters not provided
for in this Act the said board of trustees
shall be governed by the General Laws of the
State of Texas, applicable to Independent School
Districts."

This act does not in express terms grant to the trustees
of such district power to sell and dispose of school property
and grounds unless provided for by the above quoted sections.
We first consider the question of whether that part of section
10 which confers all the rights, powers, privileges and duties
of a town or village incorporated under the general laws of
the state for free school purposes only upon the Rosedale dis-
trict and whether the latter part of this section defining the
powers of its board of trustees confers the power to sell its
buildings and grounds.

We have made an extensive review of the legislative
history of the applicable statutes, but without referring to
these various enactments in great detail, we note here that
there is and has been for many years a well defined distinction
"between towns and villages incorporated for free school pur-
poses only" and independent districts in cities and towns.
See Title LXXXVI, Ch. 15 "Free Schools in Towns & Villages"
and Chapter 16 of the same title "Free Schools in Incorporated
Towns and Cities, R.S. 1895; Title 48, Chapters 16 and 17,
R.S. 1911; Title 49, Ch. 13, Subdivisions 2 and 3, R.S. 1925.

Article 2773, R.S. 1925, set out below, is clearly
applicable to Independent Districts in cities as contrasted
to "towns and villages incorporated for free school purposes
only." See Acts 1905, p. 263. Ch. 124, Sec. 146.

Article 2773 reads as follows:

"Any houses or lands held in trust by any
city or town for public free school purposes may
be sold for the purpose of investing in more
convenient and desirable school property, with the
consent of the State Board, by the board of Trustees
of such city or town; and, in such case, the pre-
sident of the school board shall execute his deed
to the purchaser for the same, reciting the re-
solution of the State Board giving consent thereto
and the resolution of the board of trustees au-
thorizing such sale."

Originally this statute gave the power of sale to the
council or board of aldermen of incorporated cities and towns.
See Article 4033, R.S. 1895. But by section 146, Acts 1905, p.

263, this article was amended so as to vest this power in the board of trustees with the same wording as the present Article 2773.

Section 161, Acts 1905, p. 263, provided that the trustees of towns or villages should be vested with all the powers, rights and duties "that are conferred by the laws of this State upon the council and board of aldermen of incorporated cities and towns." As pointed out above, however, the council and aldermen were divested of their power of sale by this same act and such power was placed in the board of trustees. This was the state of the law in 1919 when Rosedale Independent District was created, and we have therefore concluded that since the council and board of aldermen in cities and towns did not have authority to sell school lands, Section 161 of Acts 1905, p. 263 (Art. 2853, R.S. 1911) did not expressly give trustees of schools under the laws relating to towns and villages power to sell such lands. This being true, Section 10 of the Act creating the Rosedale District did not expressly confer the power to sell by making the laws applicable to town and villages apply to its trustees.

We also call attention to that part of Section 10 of the Act creating the Rosedale District which provides that its trustees shall be "subject to all the provisions, limitations and conditions that said power may now or may hereafter be exercisable" under the laws applicable to towns and villages incorporated for free school purposes only. What is now left of Section 161, Acts 1905, p. 263 (Art. 2853, R.S. 1911), cited above, and applicable to towns and villages, is now contained in Article 2758, Revised Civil Statutes, 1925, and reads as follows:

> "The said board of trustees of each of such independent school districts incorporated under the provisions of this Act shall have and exercise and are hereby vested with all the rights, powers, privileges and duties conferred and imposed upon the trustees and boards of trustees of independent school districts by the general laws of this State."

Thus under both Section 18 and the latter part of Section 10 of the Act creating the Rosedale District, we must determine the power of the trustees of independent school districts generally to sell school buildings and grounds.

Article 2773 cited above applies only to certain independent school districts, and Article 2753 applies only to common school districts, and possibly independent districts having a scholastic population of less than one hundred and fifty (See

Article 2763, R.C.S., 1925), giving such districts power to
sell school property. Article 2753a also purports to confer
authority to sell real estate but is limited to a specific
population bracket. We have been unable to find any other
statutes expressly conferring the power of sale upon inde-
pendent districts.

True these are "general laws of this State" but we
cannot ascribe to the Legislature an intention that all laws
dealing with the powers of trustees which may be properly
classified as "general laws" as distinguished from "special
laws" should apply to towns and villages or to the Rosedale
District. Such a construction would lead to such confusion
and conflict as to be impossible of application. Rather we
think "the general laws of this State" as used here means
the laws applicable to independent school districts generally
or applicable to districts of the same class to which they
are to be applied. In either instance, the above statutes
would not apply to the Rosedale District, under the facts
which have been presented.

The powers of independent school districts were dis-
cussed in Thompson v. Elmo Independent School District,
(T.C.S. 1925) 269 S.W. 869, and the court there expressed the
opinion that independent school districts are local public
corporations of the same general character as municipal cor-
porations but for school purposes only. They are creatures
of the statutes and their trustees are limited in exercise of
powers to those expressly granted, those necessarily implied
in or incidental to powers expressly granted and those essen-
tial to the purposes of the corporation - not simply conven-
ient but indispenable. Any reasonable doubt as to power will
be resolved against it.

School trustees are public officers, Scherz v. Telfer,
(T. C. A. 1934), 74 S.W. (2) 327, and it is stated in Ft.
Worth Calvalry Club v. Sheppard (Sup. Ct. 1935) 83 S.W. (2)
660, that "all public offices or officers are creatures of
law. The powers and duties of public officers are defined and
limited by law. By being defined and limited by law, we mean
the act of a public officer must be expressly authorized by
law or implied therefrom."

In general, school trustees are given general supervi-
sion, management and control of the schools and school property
of their districts and legal title to such property is vested
in them, but we do not think a general power of management and
control includes or implies a power to sell and dispose of the
property. Ordinarily, when the power to sell is not expressly
given, the tendency of the courts has been not to extend the

authority by implication but to exclude such power.  2 Am.
Jur.  p. 112.

In Fikes v. Sharp (T.C.S. 1938) 112 S.W. (2) 774, the
court in determining that school trustees had not therefore
had authority to do certain acts, took into consideration a
legislative construction evidenced by a subsequent act of the
Legislature granting that authority.  We find just such an
enactment and legislative construction in this instance.

Acts 1929, 41st Legislature, 2nd Called Session, page
133, Chapter 64, now appearing as Article 2753a, provides as
follows:

"An Act authorizing Independent School Districts
in certain classes of counties to dispose of real pro-
perty not needed for school property; and declaring
an emergency:

"Be it enacted by the Legislature of the State of Texas:

"Section 1.  In every county in this State hav-
ing a population according to the latest United States
census of not less than 8,000 and not more than 8,100
each Independent School District shall be authorized
to sell and dispose of any real property owned by
such district when in the opinion of a majority of the
Board of Trustees such property is not needed for
school purposes.

"Sec. 2.  The fact that there are certain in-
dependent school districts in the classes of counties
covered by this Act owning property which they do
not need for school purposes, creates an emergency
and an imperative public necessity that the consti-
tutional rule requiring  bills to be read on three
several days in each House be and the same is hereby
suspended, and that this Act shall take effect and
be in force from and after its passage, and it is
so enacted."

If independent school districts have an inherent author-
ity to sell their real property this was a useless act on the
part of the Legislature, and in passing the same, it has indicat-
ed that under its construction such authority did not thereto-
fore exist.

From what we have said, it necessarily follows that if
this question were presented to us as an original matter we
would be unable to find authorization for the Board of Trustees

of the Rosedale Independent School District to sell its buildings and grounds.

We have been able to find only one case which might be considered as authority on the applicability of Article 2773. In R. B. Spencer & Co. v. Brown, et al (1917) 198 S.W. 1179, the El Paso Court of Civil Appeals had before it for consideration, the validity of a sale of school property belonging to the Lingleville Independent School District. The court applied Article 2873, R.S. 1911, which is the present Article 2773 and stated:

"Article 2846 has no application, because the school district was an independent school district. Said article appears in the Revised Statutes in chapter 15, title 48. This chapter relates to common school districts, originally this article was section 86 of chapter 124, Acts of the Twenty-ninth Legislature p. 263. It there appears under the sub-title 'School Houses and School Supplies' of the title 'Common School Districts'. It is thus manifest that this article relates to the sale of property belonging to common school districts.

"The sale of school property belonging to the Lingleville independent school district is, however, governed by the provisions of article 2873, R.S. which requires the consent of the State Board of Education."

The opinion does not disclose the nature of the Lingleville Independent School District but we have ascertained from an independent investigation that Lingleville Independent School District in Erath County was created in 1912 as a town or village incorporated for free school purposes only under the provisions of Section 149, Chapter 124, Acts 29th Legislature, Regular Session, 1905. The opinion also fails to discuss the basis upon which the Court applied the then Article 2873.

In 1919 the Supreme Court refused a writ of error on assignments of error raising other questions that those presented here, and Hawkins, J. filed a lengthy dissenting opinion, Hicks v. Faust, (Sup. Ct. 1919) 212 S.W. 608, in which he stated:

"* * * but in my opinion, neither that principle nor those authorities are applicable in this state to such a contract for the sale of a building owned by an independent school

Mr. E.W. Easterling, April 25, 1939, page 7          O-415

district (whose powers of disposition of school
property seem to be narrowly and quite rigidly
restricted by law), and especially so when such
contract is not shown to have been fully executed.
R.S. art. 2873, which was held by the Court
of Civil Appeals to be applicable (and perhaps
correctly so), is as follows:  * * *"

"Upon these somewhat complex questions
there seems to be no direct previous decision
of this court or of any of our Courts of Civil
Appeals.

"The entire power and authority of local
school boards within the operation of Article
2873 (including, pershaps, all independent school
district boards) appears to rest on that statute."

Until an opinion of a Court of Civil Appeals is over-
ruled or the basis upon which it rests clearly appears to have
been changed we feel compelled to follow the holding of such
opinion without taking into consideration the weight which
might be given to it should the question again reach our appel-
late courts.

You are therefore advised that the proper procedure to
be followed by the Board of Trustees of the Rosedale Independent
School District in Jefferson County in selling abandoned school
buildings and grounds is that set out in Article 2773, Revised
Civil Statutes, 1925.

                    Yours very truly

                    ATTORNEY GENERAL OF TEXAS


                    By s/Cecil C. Cammack
                       Cecil C. Cammack
                       Assistant

CCC:LM

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS